**In re Marion Douglas DORN, Jr., Debtor.**

**Bankruptcy No. 84–01001.**

United States Bankruptcy Court, D. South Carolina.

July 12, 1985.

---

earn substantial sums of money and to perform other routine activities during the relevant times.

ACCORDINGLY, the debtor's motion to disallow the negligence penalty assessed by the Internal Revenue Service as shown on Proof of Claim No. 3 filed on behalf of the United States totaling $25,092.34 is hereby denied and the proof of claim is allowed as filed.

AND IT IS SO ORDERED.

James E. Chellis, Chellis & Mortimer, P.A., Summerville, S.C., for debtor.

Betsy Burke, Dept. of Justice, Washington, D.C., for I.R.S.

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is a motion of the debtor to disallow certain penalties imposed under Section 6651 òf the Internal Revenue Code (26 U.S.C. § 101 *et seq.*), as shown on proof of claim for internal revenue taxes filed on behalf of the United States (Proof of Claim No. 3). As stipulated by the parties, the issue is whether the failure of the debtor to file and to pay timely (because of an alleged drug related illness) federal income taxes for the years 1979, 1980 and 1981 was due to reasonable cause and not due to willful neglect.

The court hereby denies the debtor's motion seeking to avoid the negligence penalties at issue incurred under 26 U.S.C. § 6651 for the reason the debtor has failed to meet his burden of proof. The debtor has failed to show that he is entitled to avoid the imposed negligence penalties on the basis of a drug-related illness—the evidence shows that he was able to work, to